UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60519-CIV-SMITH

CHANEL, INC.,

       Plaintiff,

v.

ASVBI0HMD8, *et al*.,

       Defendants.

_____/

**ORDER GRANTING MOTION FOR ENTRY OF PRELIMINARY INJUNCTION**

This matter is before the Court on the Motion for Entry of Preliminary Injunction [DE 6] filed under 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a), by Plaintiff, Chanel, Inc. Plaintiff asks the Court to enter a preliminary injunction against Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto. The Court convened a hearing on April 23, 2020, at which only counsel for Plaintiff was present and available to present evidence supporting the Motion. As discussed below, Plaintiff has satisfied the requirements for issuance of a preliminary injunction.

## I.    BACKGROUND

The following factual background is taken from Plaintiff's Complaint [DE 1], the Motion, and supporting evidentiary submissions and exhibits.

Chanel, Inc., is the owner of the following trademarks (the "Chanel Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office (USPTO):

| Trademark | Registration Number | Registration Date | Classes/Goods |
|---|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 | IC 018 - Women's Handbags |
| CHANEL | 0,902,190 | November 10, 1970 | IC 014 - Bracelets, Pins, and Earrings |
| CHANEL | 1,177,400 | November 10, 1981 | IC 025 - Hats, shawls and belts |
| (CC logo) | 1,241,264 | June 7, 1983 | IC 025 - Suits, jackets, skirts, dresses, pants, blouses, tunics, sweaters, cardigans, tee-shirts, coats, raincoats, scarves, shoes and boots |
| CHANEL | 1,241,265 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Coats, Raincoats, Scarves, Shoes and Boots |
| (CC logo) | 1,314,511 | January 15, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| CHANEL | 1,347,677 | July 9, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| (CC logo) | 1,501,898 | August 30, 1988 | IC 006 - Keychains<br>IC 014 - Costume Jewelry<br>IC 025 - Blouses, Shoes, Belts, Scarves, Jackets, Men's Ties<br>IC 026 - Brooches and Buttons for Clothing |
| CHANEL | 1,733,051 | November 17, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business and Credit Card Cases, Change Purses, Tote Bags, Cosmetic Bags Sold Empty, and Garment Bags for Travel |
| (CC logo) | 1,734,822 | November 24, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business Card Cases, Change Purses, Tote Bags, and Cosmetic Bags Sold Empty |
| RUE CAMBON | 2,964,843 | July 5, 2005 | IC 018 - Handbags |
| CHANEL | 3,133,139 | August 22, 2006 | IC 014 - Jewelry and Watches |
| CHANEL | 3,890,159 | December 14, 2010 | IC 009 - Cases for Telephones<br>IC 018 - Key Cases |
| (CC logo) | 4,074,269 | December 20, 2011 | IC 009 - Protective Covers for Portable Electronic Devices, Handheld Digital Devices, Personal Computers and Cell |

| | | | Phones<br>IC 018 - Key Cases |
|---|---|---|---|
| ℂℂ | 4,241,822 | November 13, 2012 | IC 025 - For clothing, namely, coats, jackets, dresses, tops, blouses, sweaters, cardigans, skirts, vests, pants, jeans, belts, swim wear, pareos, beach cover-ups, hats, sun visors, scarves, shawls, ties, gloves, footwear, hosiery and socks |

(*See* Bleys Decl. [DE 6-1] ¶¶ 4-5; *see also* USPTO Registration [DE 1-2].) The Chanel Marks are used in connection with the manufacture and distribution of high-quality goods in the categories identified above. (*See id.*)

Plaintiff alleges that Defendants, through e-commerce stores or interactive photo albums operating via Internet marketplace platforms or social media or photo hosting websites under their seller identification names or commercial Internet websites operating under their domain names identified on Schedule "A" (the "Seller IDs and Subject Domain Names"), have advertised, promoted, offered for sale, or sold goods bearing what Plaintiff has determined to be counterfeits, infringements, reproductions and/or colorable imitations of the Chanel Marks. (*See* Bleys Decl. ¶¶ 9-14; Gaffigan Decl. [DE 6-2] ¶¶ 2-3; Rosaler Decl. [DE 6-3] ¶¶ 4-5; Burns Decl. [DE 6-12] ¶¶ 4-5.)

Although each Defendant may not copy and infringe each Chanel Mark for each category of goods protected, Plaintiff has submitted sufficient evidence showing that each Defendant has infringed, at least, one or more of the Chanel Marks. (*See* Bleys Decl. ¶¶ 11-14.) Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Chanel Marks. (*See id.* ¶¶ 9, 13-14.)

Plaintiff's counsel retained AED Investigations, Inc. ("AED") and Invisible Inc ("Invisible"), both licensed private investigative firms, to investigate the promotion and sale of

3

counterfeit and infringing versions of Plaintiff's branded products by Defendants and to obtain the available payment account data for receipt of funds paid to Defendants for the sale of counterfeit versions of Plaintiff's branded merchandise through the Seller IDs and Subject Domain Names (*See* Bleys Decl. ¶ 10; Gaffigan Decl. ¶ 2; Rosaler Decl. ¶ 3; Burns Decl. ¶ 3.) AED and Invisible accessed the e-commerce stores, photo albums, and domain names operating under Defendants' Seller IDs and Subject Domain Names. Then, AED and Invisible placed orders from each Defendant for the purchase of various products – all bearing counterfeits of at least one of the Chanel Marks at issue in this action – and requested that each product be shipped to addresses in the Southern District of Florida. (*See* Rosaler Decl. ¶ 4; Burns Decl. ¶ 4.)

Following submission of the orders, AED and Invisible finalized payment for the products ordered from Defendants to Defendants' respective payment accounts[1] and/or payee[2]

---

[1] Defendant Numbers 1-4 operate via the non-party e-commerce marketplace platform, Amazon.com, which allows Defendants to conduct their commercial transactions privately via Amazon's payment processing and retention service, Amazon Payments, Inc. (*See* Rosaler Decl. ¶ 4, n.4; Burns Decl. ¶ 4, n.2; Gaffigan Decl. ¶ 5.)

Defendant Numbers 5-17 operate via non-party e-commerce marketplace platforms, social media or image hosting websites, or commercial Internet websites and use money transfer and retention services with PayPal, Inc. (*See* Rosaler Decl. ¶ 4; Burns Decl. ¶ 4; Gaffigan Decl. ¶ 6.)

[2] Defendant Numbers 18-41 operate via the non-party e-commerce marketplace platform, Wish.com, which is operated by ContextLogic Inc. The payee for the orders placed from Defendants' Wish.com Seller IDs identifies "PayPal *Wish," which is the aggregate PayPal account for purchases made via Wish.com. (*See* Rosaler Decl. ¶ 4, n.6; Burns Decl. ¶ 4, n.3; Gaffigan Decl. ¶ 7.)

Defendant Numbers 42-126 operate via the non-party e-commerce marketplace platform, DHgate.com, and have their payments processed on their behalf via DHgate.com's third-party payment platform, DHpay.com. The payee for the orders placed from Defendants' DHgate.com Seller IDs appears as "DHGATE". (*See* Rosaler Decl. ¶ 4, n.7; Gaffigan Decl. ¶ 8.)

Defendant Numbers 127-138 operate via the non-party e-commerce marketplace platform, Wanelo.co, and have their payments processed on their behalf via Wanelo.co, which utilizes Stripe, Inc. for payment processing. The payee for the orders placed from Defendants' Wanelo.co Seller IDs appears as "WANELO*". (*See* Rosaler Decl. ¶ 4, n.8; Burns Decl. ¶ 4, n.4;

which are identified on Schedule "A" hereto. (*Id.*) At the conclusion of the process, the detailed web page captures and images of Plaintiff's branded products ordered via Defendants' Seller IDs and Subject Domain Names, together with photographs of some of the products received, were sent to Plaintiff's representative for inspection.  (*See* Rosaler Decl. ¶¶ 4-5, n.3; Burns Decl. ¶¶ 4-5, n.1; Gaffigan Decl. ¶ 2, n.1; Bleys Decl. ¶¶ 11-13, n.1.) Plaintiff's representative reviewed and visually inspected the various products and determined the products were non-genuine versions of Plaintiff's products. (*See* Bleys Decl. ¶¶ 12-14.)

On March 10, 2020, Plaintiff filed its Complaint [DE 1] against Defendants for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. On March 11, 2020, Plaintiff filed its *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets [DE 6]. On April 9, 2020, this Court entered an Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order (the "TRO") and temporarily restrained Defendants from infringing the Chanel Marks at issue and restrained funds in the payment accounts associated with the Defendants. On April 13, 2020, this Court entered a Sealed Notice of Resetting Hearing. Pursuant to the Court's April 9, 2020 TRO, Plaintiff properly served Defendants with a copy of the Complaint, the Court's April 9, 2020 TRO and April 13, 2020 Notice, and other filings in this matter. On April 23, 2020, the Court conducted a hearing on Plaintiff's Motion, at which only counsel for Plaintiff was in attendance.

## II.   LEGAL STANDARD

To obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3)

---

Gaffigan Decl. ¶ 8.)

5

that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

### III. DISCUSSION

Based on declarations submitted in support of Plaintiff's Motion, the Court concludes that Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing counterfeits, reproductions, or colorable imitations of the Chanel Marks, and that the products Defendants are selling and promoting for sale are copies of Plaintiff's products that bear copies of the Chanel Marks. The infringement of the Chanel Marks will likely cause Plaintiff to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiff's Complaint, Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers because it is more likely true than not that:

1. Defendants own or control e-commerce stores, interactive photo albums, and commercial Internet websites which advertise, promote, offer for sale, and sell products bearing counterfeit and infringing trademarks in violation of Plaintiff's rights; and

2. There is good cause to believe that more counterfeit and infringing products bearing Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products.

6

The potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued. The public interest favors issuance of the preliminary injunction to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods. Further, under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing counterfeits and infringements of the Chanel Marks. *See Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 558–63 (9th Cir. 1992). In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Preliminary Injunction [DE 6] is **GRANTED** according to the terms set forth as follows:

(1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Chanel Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Chanel Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Chanel Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant.

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Chanel Marks or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores, interactive photo albums, and Internet websites owned and operated, or controlled by them, including the Internet based e-commerce stores, interactive photo albums, and Internet websites operating under the Seller IDs and Subject Domain Names;

(3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Chanel Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or

serves to direct computer searches to Internet based e-commerce stores, interactive photo albums, and Internet websites registered, owned, or operated by each of the Defendants, including the Internet based e-commerce stores, interactive photo albums, and Internet websites operating under the Seller IDs and Subject Domain Names;

(4) Each Defendant shall not transfer ownership of the Seller IDs and Subject Domain Names during the pendency of this action, or until further order of the Court;

(5) Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs and Subject Domain Names that may have been deleted before the entry of this Order;

(6) Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Payments, Inc. ("Amazon"), PayPal, Inc. ("PayPal"), Dunhuang Group (which operates the DHgate.com and DHPay.com platforms), Camel FinTech Inc, ContextLogic, Inc., (which operates the Wish.com website) ("ContextLogic"), Wanelo.co ("Wanelo"), and Stripe, Inc. ("Stripe"), and their related companies and affiliates shall, to the extent not already done, (i) immediately identify all financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores, photo albums, and Internet websites operating under the Seller IDs and Subject Domain Names, the store URLs, and/or the e-mail addresses identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or

9

to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court;

(7)     Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon, PayPal, Dunhuang Group, Camel FinTech Inc, ContextLogic, Wanelo, Stripe, and their related companies and affiliates, shall, to the extent not already done, provide Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained. No funds restrained by this Order shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Amazon, PayPal, Dunhuang Group, Camel FinTech Inc, ContextLogic, Wanelo, Stripe, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court;

(8)     Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

(9)     This Order shall apply to the Seller IDs and Subject Domain Names, associated e-commerce stores, photo albums, and websites, and any other seller identification names, e-commerce stores, photo albums, private messaging accounts, domain names and websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting the Chanel Marks and/or unfairly competing with Plaintiff;

10

(10) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

(11) Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the Internet marketplace website, social media website, image hosting website, messaging service, financial institution, including but not limited to Amazon, eBay.com, Shopify.com, Instagram.com, Yupoo.com, DHgate.com, ContextLogic, Wanelo.co, Stripe, and their related companies and affiliates shall, at Plaintiff's request, provide Plaintiff's counsel with any e-mail address known to be associated with Defendants' respective Seller IDs and Subject Domain Names;

(12) This Order shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated by the parties.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 23rd day of April, 2020.

								**RODNEY SMITH**
								**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

## SCHEDULE "A"
## DEFENDANTS BY NUMBER, SELLER ID, SUBJECT DOMAIN NAME, AND FINANCIAL ACCOUNT

| Def. No. | Defendant/ Seller ID / Subject Domain Name | Seller ID No. / Store No. / Store URL | Financial Account / Payee | Infringing Product ASIN[3] / Number | Additional Means of Contact[4] |
|---|---|---|---|---|---|
| 1 | ASVBI0HMD8 | AXGPNFBRSAQRN | | B07Z97VF8K | |
| 2 | GoldFaith | A3GOLXICC1MP0F | | B07Z7DT5VP | |
| 3 | ANNA SOBANSKA111 | A3SFEI64TMI1UI | | B07XWMHWNP B07XWLTY87 B07XWMHKTQ B07XNCFK78 | |
| 4 | Hangshu& *aka* Hangloui& | A17490M69MQQH1 | | B07T5SNNKW B07T6SJ7BH B07T2HL255 B07SZC3KJQ B07SZFPN9J | |
| 5 | caesar_65 | | chenyi0226@outlook.com | | |
| 6 | lawren67 | | lawrence1009@outlook.com | | |
| 7 | oliva-store975 | | yassirsalman00@gmail.com | | |
| 8 | aylacases | aylacases.myshopify.com | aremarem7@gmail.com | | aylacases@gmail.com aylacses@gmail.com |
| 9 | velinzacases | velinzacases.myshopify.com | barclaybrayden90@gmail.com | | efendi0487@gmail.com |
| 10 | a1_fancy_store | | saiyad_shakil@yahoo.com | | DM WhatsApp: +919978723626 |
| 11 | AccessoriesforaQueen | m.facebook.com/accessoriesforaqueen2011 | wilson448@gmail.com | | afaqorders2011@gmail.com DM WhatsApp: +639179731308 |
| 12 | accfashion2019 | | luxuryacckate@hotmail.com | | WhatsApp: +8613680065134 |
| 13 | garrryyyy88 *aka* garystation | | 461402127@qq.com | | garryyyy@foxmail.com WhatsApp: +8618620147636 |
| 14 | likebags *aka* bagstore | | zivdai230@gmail.com | | WhatsApp: +8618127420801 |

---

[3] The Amazon Standard Identification Number ("ASIN") is a unique 10-digit alphanumeric identifier Amazon assigns to each product. Sellers can create a variational relationship between products in regards to name, size/count, color, style, scent, etc. When doing so, the ASIN identified in the Product Information / Description segments represents the core product and a different ASIN may be assigned based on variations thereof, as identified in the URLs. The ASIN for the various Chanel branded products were obtained from the Product Information / Description segments of the infringing Chanel branded items or from the URLs of the infringing Chanel branded items, all of which are identified on Schedule "A" hereto. (*See* Rosaler Decl. at n.10; Burns Decl. at n.5.)

[4] Defendants' private messaging accounts via WhatsApp and Instagram.com are denoted in this chart as telephone numbers and direct messaging ("DM"), respectively. (*See* Rosaler Decl. at n.11.)

| | | | | | |
|---|---|---|---|---|---|
| 15 | bigdiscountstore.life | | jonsiven98@yeah.net luxurystoreforall@yeah.net | | support@luxuryonlinedeals.com loinsinmena@gmail.com |
| 16 | cheapshoeswholesaleonline.com | | EllsworthHeadrk@aol.com | | sales@shopdaydayfreeshipping.com order@kissmarketonlineshop.com |
| 16 | wholesaleclearanceshoes.com | | effortlessyuss2019@outlook.com | | sales@shopdaydayfreeshipping.com |
| 17 | casememe.com | | service@casememe.com | | |
| 18 | ar38jhg | 5d5a4fab273678399917809d | PayPal *Wish | 5dd6729a0edd73a935b98a3a | |
| 19 | Lucky 7 store | 57988032eaa14d293314d8ef | PayPal *Wish | 5d428c425c74dc2fd64ba8c3 | |
| 20 | SeekTheMostToTheExtreme | 5b2afc175676c3664f8fee8f | PayPal *Wish | 5dc8b3c80fcf693b225526fa | |
| 21 | AAAAcAAAA | 5d96abbe48ea3c470bd1d26b | PayPal *Wish | 5dce073446b8ee200bd73c50 | |
| 22 | appeal appeal | 5d8adb5f6d62603fea1a33e2 | PayPal *Wish | 5dce073100c43601d380f5cb | |
| 23 | chenca | 5d79105f51da4f3e6a273f64 | PayPal *Wish | 5dd8f0bf538a730b3f4a6699 | |
| 24 | Cotton Baifenbai | 5d45668c4c78557e86ab879c | PayPal *Wish | 5e099d54ce270050c34ddfaa | |
| 25 | dinglihongshop | 5d5503f83cc46d63c0a134d2 | PayPal *Wish | 5df1aafec19962045408a13b | |
| 26 | heilongjiang.MW818 | 5dce5d0c5f391e425ce34b02 | PayPal *Wish | 5dd8f0bff30b6a0b3ff4826f | |
| 27 | Huawu Hardware Machinery Shop | 5d4d08438388973082783f95 | PayPal *Wish | 5dcf991649f3b90c903eacf9 | |
| 28 | liwei0415 | 5880b8c01f6e1e4c9cb0b23a | PayPal *Wish | 5dbbda3757e0800b8627b258 | |
| 29 | lujunxi | 5a1826599d0a7b4769310c33 | PayPal *Wish | 5e117d07868a093fa33d49a1 | |
| 30 | Qing se tong hua wu | 5b4eae2f753e732aadb6a656 | PayPal *Wish | 5d85c8564b477c508c87d43a | |
| 31 | Senior Ladies' Wear | 58dc5dcf60673652cd1de2b9 | PayPal *Wish | 5dc219c4f414a60304939be9 | |
| 32 | SHANXIN001 | 5dce3656210e140481b57cd5 | PayPal *Wish | 5dd6729a7e19e2a7c5e72392 | |
| 33 | Suofe ya yi chu | 5b4db544ca6d211a1612491d | PayPal *Wish | 5dd9e96ccd15e51db6c9ce07 | |
| 34 | tanchaomad9uy | 5d565f1d1d86295c8c377db4 | PayPal *Wish | 5dddd247703acd33f5722947 | |
| 35 | wangjuanniu19 | 5d5651c15f3e1e19a5636a70 | PayPal *Wish | 5dc8b3c82028b53c2e9545a2 | |
| 36 | wanglilid88 | 5d5908a41d86296d9f42eca4 | PayPal *Wish | 5dc8b3c87c58eb3cc3f20580 | |
| 37 | Week eight shop | 5b3434b10a28813a61ac5d47 | PayPal *Wish | 5ddb3bd36feaf637c2f6039e | |
| 38 | worth_a_look_uk_2013 | 585b95038a327f4d7a7ab6bf | PayPal *Wish | 5d8b3e1115af34309b44b416 | |
| 39 | xiangyating | 5d4fd101933fb15043b90f6d | PayPal *Wish | 5e132d6960e38812248cbead | |

| | | | | | |
|---|---|---|---|---|---|
| 40 | Yanbin Shoe and Hat Shop | 5d465c824c78555c92ab838e | PayPal *Wish | 5dcf9918ea2ad20c9f3c6136 | |
| 41 | yifenghuang | 5d9ea626773dcf36a8926271 | PayPal *Wish | 5dce07318b85d92493f3db75 | |
| 42 | aaa_19 | 21108690 | DHGATE | 489322958 | |
| 43 | ajsf | 21211538 | DHGATE | 497258748 | |
| 44 | alwaysbestzj | 20813628 | DHGATE | 454347135 | |
| 45 | astore168 | 21073202 | DHGATE | 459860502 | |
| 46 | baitong511 | 21063182 | DHGATE | 463742692 | |
| 47 | beltstore | 21136115 | DHGATE | 494818306 | |
| 48 | bestqualitylowprice6 | 20893153 | DHGATE | 478570374 | |
| 49 | bmw001 | 21256378 | DHGATE | 476364769 | |
| 50 | brandbag528 | 21407021 | DHGATE | 506808429 | |
| 51 | cailai25638 | 21403932 | DHGATE | 504412383 | |
| 52 | chinachina22 | 20801801 | DHGATE | 476600164 | |
| 53 | conghui126 | 21204064 | DHGATE | 451373170 | |
| 54 | deng1314520 | 20898879 | DHGATE | 488193391 | |
| 55 | dfb2017 | 21074326 | DHGATE | 491168715 | |
| 56 | drx5588 | 21216783 | DHGATE | 490513685 | |
| 57 | dunhang05 | 21037653 | DHGATE | 495586938 | |
| 58 | fashionbag05 | 21363825 | DHGATE | 501467938 | |
| 59 | Fashionstore001 | 20768486 | DHGATE | 469241862 | |
| 60 | fei29 | 21224415 | DHGATE | 482004341 | |
| 61 | fenash6 | 21040429 | DHGATE | 494295566 | |
| 62 | gg6666 | 21145334 | DHGATE | 455104076 | |
| 63 | goodshop1234 | 20476883 | DHGATE | 464101416 | |
| 64 | happ1985 | 20993750 | DHGATE | 424788824 | |
| 65 | hats20 | 21225633 | DHGATE | 465025127 | |
| 66 | hb_jewelry | 20702866 | DHGATE | 414148617 | |
| 67 | hi666 | 21160495 | DHGATE | 485703331 | |
| 68 | hncs0731 | 21276415 | DHGATE | 482371753 | |
| 69 | honghuo6688 | 21170526 | DHGATE | 489755522 | |
| 70 | hotglasses2016 | 20269991 | DHGATE | 449740183 | |
| 71 | htzt12345 | 21212291 | DHGATE | 482631204 | |
| 72 | huahuasu123 | 21216212 | DHGATE | 467450717 | |
| 73 | jack84 | 20794989 | DHGATE | 463745705 | |
| 74 | jewelry77xiaoshun | 21274459 | DHGATE | 481700995 | |
| 75 | jewelryboutique | 20689853 | DHGATE | 405533958 | |
| 76 | jiejiaxun | 21227143 | DHGATE | 482639253 | |
| 77 | jxnc0791 | 21180615 | DHGATE | 479760806 | |
| 78 | lingge12 | 21228770 | DHGATE | 482244116 | |
| 79 | linzloveh | 20675806 | DHGATE | 491020855 | |
| 80 | liqingyun188 | 20902253 | DHGATE | 499781094 | |
| 81 | lmanuel | 21346100 | DHGATE | 502900527 | |
| 82 | Lost138136 | 20741482 | DHGATE | 458654029 | |
| 83 | luxurybelt | 21105385 | DHGATE | 459514665 | |
| 84 | meiji1688 | 21149813 | DHGATE | 483346540 | |
| 85 | meisiyalandai | 21091604 | DHGATE | 473236748 | |
| 86 | mytcoltd | 21174523 | DHGATE | 466231923 | |
| 87 | only_jewelry | 21295119 | DHGATE | 497301537 | |
| 88 | qq92 | 21225926 | DHGATE | 486953832 | |
| 89 | renchenglong8888 | 21285249 | DHGATE | 470991435 | |
| 90 | scarf_99 | 21183165 | DHGATE | 489460774 | |
| 91 | scarf82 | 21178560 | DHGATE | 449870680 | |

| | | | | | |
|---|---|---|---|---|---|
| 92 | sellerbf | 21211010 | DHGATE | 457244150 | |
| 93 | shishangjingpin | 20962925 | DHGATE | 417082596 | |
| 94 | shp0123 | 21171260 | DHGATE | 438162909 | |
| 95 | smile019 | 21182767 | DHGATE | 483384316 | |
| 96 | smile87 | 21226134 | DHGATE | 481917659 | |
| 97 | store12345 | 21075283 | DHGATE | 456709422 | |
| 98 | stzz0513 | 21278209 | DHGATE | 496031702 | |
| 99 | supersellers888 | 21066974 | DHGATE | 480681995 | |
| 100 | tiantian06 | 21207532 | DHGATE | 458297563 | |
| 101 | trade777 | 21194562 | DHGATE | 492115286 | |
| 102 | usshoe | 21044904 | DHGATE | 458812385 | |
| 103 | vsgod | 21221816 | DHGATE | 465702158 | |
| 104 | vxstore33 | 21213888 | DHGATE | 454611534 | |
| 105 | wch629 | 21226007 | DHGATE | 494760538 | |
| 106 | weiluchifushi | 20815310 | DHGATE | 479224492 | |
| 107 | wen22 | 21225110 | DHGATE | 478528572 | |
| 108 | whnybz | 20966222 | DHGATE | 482497944 | |
| 109 | wow_aaa | 21169938 | DHGATE | 486372015 | |
| 110 | ws5488 | 21171316 | DHGATE | 468276527 | |
| 111 | wyl15 | 21220970 | DHGATE | 478181730 | |
| 112 | xhmz0808 | 21163089 | DHGATE | 503896915 | |
| 113 | xiaomei1122 | 21187730 | DHGATE | 501467828 | |
| 114 | xie1954 | 20772679 | DHGATE | 480098010 | |
| 115 | xqin0209 | 21216260 | DHGATE | 461363165 | |
| 116 | yaadf2 | 21211640 | DHGATE | 498565571 | |
| 117 | yan512 | 21229073 | DHGATE | 481917049 | |
| 118 | ygy917 | 21169940 | DHGATE | 449417522 | |
| 119 | yin721 | 21189536 | DHGATE | 486966919 | |
| 120 | yoyo11 | 21138315 | DHGATE | 503422132 | |
| 121 | yunyun2018 | 21035477 | DHGATE | 506760399 | |
| 122 | yuyunhua1 | 21058952 | DHGATE | 490015497 | |
| 123 | yx56789 | 21121920 | DHGATE | 498174015 | |
| 124 | zhangxue0002 | 21203670 | DHGATE | 508089324 | |
| 125 | zsm2019 | 21226360 | DHGATE | 503902967 | |
| 126 | zxl120815 | 21004639 | DHGATE | 511060416 | |
| 127 | charmfashion<br>*aka* Charm Fashion | | Wanelo* | 102272233 | |
| 128 | customizedjerseys<br>*aka* My Cheap Store | | Wanelo* | 103905239 | |
| 129 | neilcop662<br>*aka* LV Bag Shoes<br>*aka* Fashion Bag | | Wanelo* | 106014399 | |
| 130 | sylvancornelius<br>*aka* Best Goods | | Wanelo* | 105217223 | debrekabourgeois2018@outlook.com |
| 131 | allaboutcase<br>*aka* SoGoMart | | Wanelo* | 105559954 | |
| 132 | EudoraGift | | Wanelo* | 105534874 | |
| 133 | rwteaalig<br>*aka* isosps | | Wanelo* | 105076088 | |
| 134 | topmarket<br>*aka* Top Market | | Wanelo* | 98766327 | info@megaintl.co |

| 135 | trendycoco<br>*aka* Trendy Coco | | Wanelo* | 42918027 | alltgtfashion@gmail.com |
|---|---|---|---|---|---|
| 136 | vipsport<br>*aka* Vip Sport | | Wanelo* | 105567826 | |
| 137 | wheieg<br>*aka* Wensoal | | Wanelo* | 105051873 | |
| 138 | womenpop<br>*aka* Popular | | Wanelo* | 101741530 | |